IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 13, 2005

**STATE OF TENNESSEE v. ROMELUS CARAWAY**

**Appeal from the Criminal Court for Shelby County**
**No. 04-01531      Chris Craft, Judge**

------

**No. W2004-02948-CCA-R3-CD  - Filed December 2, 2005**

------

The Appellant, Romelus Caraway, was convicted by a Shelby County jury of aggravated perjury. On appeal, Caraway argues that the evidence is insufficient to support his conviction. After review, we conclude that the proof fails to establish that Caraway's perjurious testimony was material to the proceeding at which the testimony was presented. Because materiality is an essential element of the offense of aggravated perjury, we reduce Caraway's conviction to reflect a conviction for the lesser included offense of simple perjury.

**Tenn. R. App. P. 3; Judgment of Conviction Reversed and Modified; Remanded for Sentencing Hearing**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Paul K. Guibao, Memphis, Tennessee, for the Appellant, Romelus Caraway.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In June of 2002, the Appellant was charged with three counts of aggravated assault and one count of vandalism. The charges stemmed from an alleged physical altercation with his girlfriend and damage to her property. Upon his arrest, the Appellant was incarcerated in the "prison ward" section of the Regional Medical Center at Memphis ("the Med") because he was infected with

tuberculosis. The Appellant was incarcerated at the Med for only a "few days" before he escaped.[1] Ultimately, he was recaptured, and, in January 2003, the Appellant proceeded to trial on the three subsequently indicted offenses of aggravated assault and one count of misdemeanor vandalism. At the time of trial, the Appellant had been charged with escape from the Med, and the case had been bound over to the Shelby County Grand Jury. At the January 2003 trial, the prosecutor attempted to question the Appellant during cross-examination as to the details of his escape from the Med. Defense counsel objected upon grounds of non-relevance to the crimes for which the Appellant was being tried and that the Appellant's testimony would violate his Fifth Amendment right against self-incrimination. The objection was overruled based upon the trial court's finding that the Appellant's escape "involve[d] flight to a certain extent. Also, it goes to, I think, his honesty or dishonesty . . . His escape is a crime of moral turpitude."[2] After being instructed to testify, the Appellant stated on cross-examination that he escaped from the Med by breaking a window, tying two bed sheets together, and lowering himself to the street. The jury acquitted the Appellant of all aggravated assault charges but convicted him of misdemeanor vandalism.

The Appellant was subsequently indicted for escape and proceeded to trial on this charge in November 2003. At this trial, the Appellant testified that he had lied regarding the manner of his escape during the January trial, stating that he only broke the window and hung the sheets outside as a diversion to make it look as if he had escaped unaided through the window. He stated that what actually occurred was that he bribed a police officer to aid him in his escape. According to the Appellant, the officer let him out of his room, gave him a pair of hospital scrubs, and walked him to the elevator, which the Appellant rode to street level, and the Appellant exited the building. After hearing the evidence presented, the jury found the Appellant was guilty of escape.

On March 9, 2004, a Shelby County grand jury returned a one-count indictment against the Appellant charging him with aggravated perjury based upon the conflicting testimony regarding his escape in the two separate trials. After a jury trial, which began September 7, 2004, the Appellant was found guilty as charged. On November 9, 2004, the trial court sentenced the Appellant, as a career offender, to twelve years in the Department of Correction, to be served consecutively to his sentence for escape. Following the denial of his motion for new trial, the Appellant filed the instant timely appeal.

## Analysis

On appeal, the Appellant asserts that the evidence is insufficient to support his conviction for aggravated perjury because the false statements concerning his method of escape from the Med were not material to the cases in which they were introduced. Specifically, the Appellant contends that the statements are not material because they "do not materially change the outcome of the

---

[1]The indictment reflects the Appellant escaped on June 30, 2002.

[2]The trial court further ruled, "[I]f they try to indict him for [escape], I'm going to rule that any testimony that he gives today cannot be used in that prosecution. It wouldn't be right." The record, however, reflects that the Appellant's testimony was introduced and he was thoroughly cross-examined with regard to his escape from the Med.

trial[s]." In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

One commits the offense of aggravated perjury if, with intent to deceive, the person: (1) commits perjury as defined in Tennessee Code Annotated section 39-16-702; (2) the false statement is made during or in connection with an official proceeding; and (3) the false statement is material. Tenn. Code Ann. § 39-16-703(a) (2003). As relevant here, a conviction for the offense of perjury merely requires proof that an accused made a false statement, under oath, with intent to deceive. Tenn. Code Ann. § 39-16-702(a)(1) (2003). In his challenge to the sufficiency of the evidence, the Appellant challenges only the materiality element of the offense. Tennessee Code Annotated section 39-16-701(1) (2003) defines the test for materiality as whether "the statement, irrespective of its admissibility under the rules of evidence, could have affected the course or outcome of the official proceeding."

A panel of this court recently addressed the issue of materiality as it relates to aggravated perjury in *State v. Donald Keel*, No. W2003-00638-CCA-R3-CD (Tenn. Crim. App. at Jackson, May 28, 2004). In *Keel*, this court reviewed the issue and application of the phrase "could have affected the course or outcome of the official proceedings." *Id*. Noting that the application of the materiality element had met with practical difficulty in the jurisdictions which had adopted the same or similar materiality language as Tennessee, the court in *Keel* adopted a broad construction of the phrase, finding that a false statement is material if it is collaterally, remotely, or circumstantially material, or if it has a legitimate tendency to prove or disprove some fact that is material, irrespective of the main fact in issue. *Id*. (citations omitted). Thus, it "is not necessary that testimony, to be material, must relate to the principle issue in a case." *Id*. The court further noted that a false statement "is sufficiently material if it has the potential to influence a tribunal or jury. The statement need not bear directly upon the ultimate issue of fact in the proceeding at which the statement is made. However,

any falsehood uttered is not sufficient to be deemed material." *Id.* (citations omitted). The false testimony must relate to the decision process of the proceeding, and trivial or irrelevant falsifications are excluded.

In this case, the Appellant was indicted under the provisions of Tennessee Code Annotated section 39-16-707, which provide that a charge of

> perjury or aggravated perjury that alleges the person charged has made two (2) or more statements under oath, any two (2) of which cannot both be true, need not allege which statement is false if both statements were made within the period of the statute of limitations. At trial, the prosecution need not prove which statement is false.

The inconsistent statements provision permits prosecution under the premise that one of the statements must be false, thus suggesting that the other statement is true.[3] Clearly, a defendant may not be charged with making a truthful statement; however, the provisions of section 39-16-707 relieve the State of the burden of proving which statement constituted perjury.

It is uncontraverted that the Appellant's testimony regarding his method of escape was material at his trial for escape in November 2003. We are unable to conclude, however, that his method of escape which he testified about during the January 2003 trial for aggravated assault and vandalism was material to that proceeding. Materiality implies importance and the capability to influence the outcome in the decision process of the proceeding at trial. The Appellant's escape was unrelated to the assault and vandalism charges and had no importance to any fact at issue at the January trial.

As concluded above, the materiality element of the crime of aggravated perjury was not established at the January 2003 trial for aggravated assault and vandalism. Moreover, the proof at the Appellant's trial for aggravated perjury did not establish that the Appellant's testimony at the November 2003 trial for escape was false, only that it was contradictory to his testimony at the January 2003 trial. Applying these facts, we must conclude that the proof supports only two inconsistent statements, thus permitting only a conviction for simple perjury. To convict of aggravated perjury under the inconsistent statements provision of Tennessee Code Annotated section 39-16-707, the statements must both be inconsistent and material.

Thus, because the State failed to establish the materiality of both statements, we must reverse the conviction for aggravated perjury. However, the State has established all the elements of simple perjury, which requires only the making of a false statement under oath with the intent to deceive. *See* Tenn. Code Ann. § 39-16-702(a)(1). Simply perjury is a Class A misdemeanor. *Id.* at (b)(1). In view of the Appellant's classification as a career offender based upon six or more prior felony convictions and the record as a whole, we modify the Appellant's sentence to reflect a sentence of

---

[3]We would concede that a defendant could make two inconsistent statements, both of which are false.

eleven months twenty-nine days incarceration.  As ordered by the trial court, this sentence is imposed consecutively to the Appellant's six-year sentence for escape.

## CONCLUSION

Because we conclude that the State failed to establish that both statements made by the Appellant were material, we conclude that all of the elements of the offense of aggravated perjury were not established beyond a reasonable doubt.  Accordingly, the conviction must be reversed. However, upon review, we conclude that the evidence is sufficient to support a conviction for simple perjury.  Therefore, we reduce the Appellant's conviction to simple perjury and impose a sentence of eleven months and twenty-nine days to be served consecutively to the Appellant's conviction for escape.  The case is remanded for entry of a corrected judgment of conviction to reflect this court's decision and sentencing modification.

_____
DAVID G. HAYES, JUDGE